UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT A. CHIULLI, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-10488-JLT |
| | * | |
| NEWBURY FINE DINING, INC. | * | |
| d/b/a SONSIE'S RESTAURANT, | * | |
| THE LYONS GROUP LTD, | * | |
| GARRETT BURGESS aka | * | |
| GARRETT REASE, JEFFREY REIMAN, | * | |
| and VICTOR TORZA, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

[Motion for Partial Summary Judgment]

October 4, 2012

TAURO, J.

I.      Introduction

        This action arises out of a physical altercation on June 20, 2008, outside of a restaurant

known as Sonsie, at 327 Newbury Street, Boston, Massachusetts.  Defendants, Newbury Fine

Dining, Inc., d/b/a Sonsie, and The Lyons Group, Ltd., move for partial summary judgment as to

Counts II and IV[1] of Plaintiff's Second Amended Complaint.  Because this court finds that

Plaintiff failed to comply with the affidavit requirement of Mass. Gen. Laws ch. 231, § 60J,

Defendants' Motion for Partial Summary Judgment [#52] is ALLOWED.

---

[1] Count IV generally alleges that Lyons Group was negligent in training Sonsie staff.  Defendants
move for summary judgment as to Count IV only to the extent that Plaintiff intends Count IV to
allege negligent alcohol training. Defs.' Mot. Partial Summ. J. 1 n.1 [#52].

II.     Background

    A.     Factual Background[2]

On the night of June 19, 2008, into the early morning of June 20, 2008, Plaintiff Robert Chiulli and several of his companions were patrons at Sonsie.[3]  Defendants Jeffery Reiman, Victor Torza, and Garrett Burgess were also patrons at Sonsie that night.[4]  Reiman was visibly intoxicated when he entered Sonsie.[5]  Nonetheless, Sonsie staff served Reiman alcohol.[6]  Reiman got into an argument with, and threatened, Plaintiff and his companions.[7]  Some time after this initial altercation, Reiman invited Plaintiff and his companions to go outside.[8]  As Plaintiff exited Sonsie, Torza or Burgess punched Plaintiff and threw Plaintiff into a wall.[9]

In Count II of Plaintiff's Second Amended Complaint, Plaintiff brings a claim against Newbury Fine Dining for dram shop negligence.  Plaintiff alleges that Sonsie staff negligently

---

[2] Because these issues arise in the context of Defendants' Motion for Partial Summary Judgment, this court presents the facts, supported by the record, in the light most favorable to Plaintiff.  See de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

[3] Joseph Citino Dep. 66:1-5, February 11, 2011 [#67-7].

[4] Victor Torza Video Test. 13:24-14:4, 26:15-27:4, May 10, 2012 [#83-1]; Garrett Rease Video Test. 19:18-20:11, May 10, 2012 [#84:1].

[5] Robert Deliseo Dep. 159:7-17, March 9, 2011 [#67-3].

[6] Deliseo Dep. 159:18-20.

[7] Deliseo Dep. 144:1-145:7; Citino Dep. 66:5-67:17.

[8] Nicole Guarrasi Dep. 40:1-18, May 11, 2011 [#67-14].

[9] Citino Dep. 127:17-128:17.

served Reiman alcohol when they knew or should have known Reiman was intoxicated.[10]  Plaintiff

further alleges that, while intoxicated, Reiman initiated a plan in concert with Torza and Burgess

to batter Plaintiff.[11]  In Count IV, Plaintiff brings a claim against Lyons Group for negligent

training of Sonsie staff.  According to Plaintiff, Lyons Group is the parent corporation of

Newbury Fine Dining and provides Newbury Fine Dining with full support, including management

and personnel services.[12]  Plaintiff alleges that Lyons Group breached its duty to properly train

Sonsie staff, resulting in Plaintiff's injuries.[13]


       B.     <u>Procedural Background</u>

Plaintiff filed his original complaint in Superior Court on February 1, 2010.[14]  The original

complaint alleged, among other things, negligent service of alcohol to Burgess.[15]  Three weeks

later, Plaintiff filed an affidavit pursuant to Mass. Gen. Laws ch. 231, § 60J, describing negligent

service of alcohol to Burgess.[16]  Defendants removed this case to United States District Court for

the District of Massachusetts on March 22, 2010.  On April 18, 2011, Plaintiff filed his <u>Second</u>

<u>Amended Complaint</u> [#20], replacing Burgess with Reiman and alleging that Sonsie negligently

---

[10] Second Am. Compl. ¶¶ 45-46 [#20].

[11] Second Am. Compl. ¶¶ 20, 47 [#20].

[12] Second Am. Compl. ¶¶ 10-12 [#20].

[13] Second Am. Compl. ¶¶ 57-59 [#20].

[14] State Ct. R. 5-10 [#2].

[15] State Ct. R. 6, ¶¶ 10-12 [#2].

[16] State Ct. R. 11 [#2].

served alcohol to Reiman.[17]   On March 2, 2012, Defendants filed a <u>Motion for Partial Summary
Judgment</u> [#52].  In Plaintiff's <u>Opposition to Defendants' Motion for Partial Summary Judgment</u>
[#67], Plaintiff asked this court to extend the deadline to file an affidavit in connection with
Plaintiff's <u>Second Amended Complaint</u>.  On September 18, 2012, this court extended the deadline
for Plaintiff to file an affidavit pursuant to Mass. Gen. Laws ch. 231, § 60 until September 26,
2012.  Plaintiff did not file an affidavit by this extended deadline.  On October 2, 2012, Plaintiff
filed an <u>Affidavit of Robert Deliseo</u> [#113].  The next day, Defendants filed a <u>Motion to Strike the
Affidavit of Robert Deliseo</u> [#117].  On October 4, 2012, this court allowed Defendants' <u>Motion
to Strike the Affidavit of Robert Deliseo</u> [#117].

III.   <u>Discussion</u>

        Presently at issue is Defendants' <u>Motion for Partial Summary Judgment</u>.  Defendants
move for summary judgment as to Count II for dram shop negligence.  Defendants also move for
summary judgment as to Count IV to the extent that Count IV alleges negligent alcohol training.

        Defendants move on three grounds: (1) Plaintiff failed to comply with the affidavit
requirement of Mass. Gen. Laws ch. 231, § 60J; (2) there is insufficient evidence that Sonsie staff
served Reiman alcohol when they knew or should have known Reiman was intoxicated; and (3)
service of alcohol to Reiman was not the proximate cause of Plaintiff's injuries.[18]  Because this
court finds that Plaintiff failed to comply with the § 60J affidavit requirement, this court need not
reach Defendants' second and third grounds for summary judgment.

---

[17] Second Am. Compl. ¶¶ 45-46 [#20].

[18] Defs.' Mot. Partial Summ. J. 2 [#52].

4

A.     <u>Standard for Summary Judgment</u>

The function of summary judgment is to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"[19]  Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20]  A "genuine issue" is one "that a reasonable jury could resolve . . . in favor of the nonmoving party."[21]  In deciding summary judgment, courts view all evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the non-moving party."[22]

B.     <u>Affidavit Requirement of Mass. Gen. Laws ch. 231, § 60J</u>

Mass. Gen. Laws ch. 231, § 60J states that in every action "for negligence in the distribution, sale or serving of alcoholic beverages" to an intoxicated person, the plaintiff must file an affidavit within ninety days of filing the complaint.[23]  This affidavit must set forth "sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry."[24]  The procedural requirements of the so-called "Dram Shop Act" were "designed to promote the availability of liability insurance by establishing mechanisms whereby the incidence of frivolous claims might be

---

[19] <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990) (quoting Fed. R. Civ. P. 56 advisory committee's note).

[20] Fed. R. Civ. P. 56(a).

[21] <u>United States v. One Parcel of Real Property</u>, 960 F.2d 200, 204 (1st Cir. 1992).

[22] <u>OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada</u>, 804 F. Supp. 2d 77, 85-86 (D. Mass. 2011) (quoting <u>de la Cruz v. El Conquistador Resort & Country Club</u>, 218 F.3d 1, 5 (1st Cir. 2000)).

[23] Mass. Gen. Laws ch. 231, § 60J.

[24] <u>Id.</u>

5

reduced."[25]  Failure to file a timely affidavit, or obtain leave to file an affidavit late, renders a dram shop claim insufficient as a matter of law.[26]  The trial court, however, has discretion to enlarge the time period for filing a § 60J affidavit.[27]

i.    Count II (Dram Shop Negligence)

Plaintiff failed to meet the affidavit requirement of Mass. Gen. Laws ch. 231, § 60J by failing to file an affidavit within ninety days of his Second Amended Complaint.  This court extended the deadline for Plaintiff to file an affidavit until September 26, 2012.  Plaintiff failed to file the missing affidavit by the extended deadline as well.

On October 2, 2012, Plaintiff filed an affidavit.  Plaintiff did so a year and a half after the Second Amended Complaint, after two missed deadlines, and within two weeks of trial.  Accordingly, this court granted Defendants' motion to strike the affidavit from the record.

The affidavit that Plaintiff filed in connection with his original complaint ("2010 Affidavit") also does not suffice.  Plaintiff's 2010 Affidavit describes Sonsie's negligent service of alcohol to Burgess.[28]  Plaintiff's Second Amended Complaint, in contrast, alleges that Sonsie negligently served alcohol to Reiman.[29]  Plaintiff's 2010 Affidavit thus describes service of alcohol to the wrong party.

---

[25] Croteau v. Swansea Lounge, Inc., 522 N.E.2d 967, 969 (Mass. 1988) (citing 1985 House Doc. No. 6508).

[26] Pucci v. Amherst Rest. Enters., Inc., 605 N.E.2d 309, 310 (Mass. App. Ct. 1992).

[27] Croteau, 522 N.E.2d at 969-70.

[28] State Ct. R. 11 [#2].

[29] Second Am. Compl. ¶¶ 45-46 [#20].

Plaintiff argues that he has satisfied the intent of § 60J to limit frivolous claims because Defendants had deposition testimony from witness Robert Deliseo regarding the dram shop allegations within ninety days of the <u>Second Amended Complaint</u>.[30]  Plaintiff's argument misinterprets § 60J.  It is not only frivolous actions, or actions lacking deposition testimony, for which § 60J requires an affidavit.  Rather, § 60J requires an affidavit for all cases involving claims of negligent service of alcohol to intoxicated persons.

The § 60J affidavit requirement is mandatory and unambiguous.[31]  Plaintiff failed to file an affidavit by this court's extended deadline.  As a result, Count II of Plaintiff's <u>Second Amended Complaint</u>, alleging dram shop negligence, is insufficient as a matter of law.

ii.     <u>Count IV (Negligent Training of Sonsie Staff)</u>

In Count IV, Plaintiff generally alleges that Lyons Group was negligent in training Sonsie staff.[32]  Plaintiff does not specify whether he alleges: (1) negligent security training, (2) negligent alcohol training, or (3) both.  In reading the complaint in the light most favorable to Plaintiff, this court assumes that Plaintiff alleges both.

The § 60J affidavit requirement does not apply to Plaintiff's negligent security training claim.[33]  Plaintiff's Count IV claim for negligent security training therefore survives.  Whether

---

[30] Pl.'s Opp. to Defs.' Mot. Partial Summ. J. 8 [#67].

[31] <u>See</u>  <u>Croteau</u>, 522 N.E.2d at 969 ("We think it plain that both the filing of the affidavit and the time requirement are mandatory.").

[32] Second Am. Compl. ¶¶ 57-59 [#20].

[33] <u>See</u> <u>Pucci v. Amherst Rest. Enters., Inc.</u>, 605 N.E.2d 309, 311-12 (Mass. App. Ct. 1992).

Plaintiff's Count IV claim for negligent alcohol training falls within §60J is a closer question.  This court holds that it does.

The § 60J affidavit requirement applies to "[e]very action for negligence in the distribution, sale or serving of alcoholic beverages . . . to an intoxicated person."[34]  A claim for negligent alcohol training requires a showing of negligent service of alcohol.[35]  To prove that Lyons Group's negligent alcohol training caused Plaintiff's injuries, Plaintiff would have to prove that Sonsie staff negligently served an intoxicated patron.  Claims for negligent service of alcohol and negligent alcohol training are "[b]oth . . . bottomed on the foreseeability of injury to a third party arising from a business negligently serving alcoholic beverages to an intoxicated person."[36]  Accordingly, Plaintiff's claim for negligent alcohol training falls within the purview of § 60J.

Plaintiff's failure to file a timely § 60J affidavit renders Plaintiff's Count IV claim for negligent alcohol training insufficient as a matter of law.  Moving forward, Plaintiff is barred from relying on the negligent service of alcohol to Reiman as the cause of Plaintiff's injuries.  Plaintiff may, however, pursue a claim under Count IV for negligent security training.

---

[34] Mass. Gen. Laws ch. 231, § 60J.

[35] In Pucci, the Massachusetts Appeals Court reasoned that a negligent security claim does not fall within § 60J because it does not rely on a showing of negligent service of alcohol.  Pucci, 605 N.E.2d at 311 ("While the claim for inadequate security includes the allegation that intoxicated patrons struck him, that claim does not include the allegation that the patrons who struck and injured the plaintiff became intoxicated because the defendants *negligently* served them alcoholic beverages.").  Pucci is therefore distinguishable from this case.

[36] Mitcheson v. Izdepski, 585 N.E.2d 743, 745 (Mass. App. Ct. 1992).

IV.     <u>Conclusion</u>

For the foregoing reasons, Defendants' <u>Motion for Partial Summary Judgment</u> [#52] is ALLOWED.  Summary judgment is allowed as to Count II.  Summary judgment is also allowed as to Count IV to the extent that Count IV alleges negligent alcohol training.  Plaintiff may still pursue Counts I, III, IV (negligent security training), and V – XII.


AN ORDER HAS ISSUED.


                                                            /s/ Joseph L. Tauro
                                                            United States District Judge