UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT A. CHIULLI, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| | *    Civil Action No. 10-10488-JLT |
| | * |
| NEWBURY FINE DINING, INC. d/b/a | * |
| SONSIE'S RESTAURANT and THE | * |
| LYONS GROUP LTD, GARRETT | * |
| BURGESS, JEFFREY REIMAN and | * |
| VICTOR TORZA, | * |
| | * |
| Defendants. | * |

MEMORANDUM

September 30, 2013

TAURO, J.

I. Introduction

At issue is a dispute about awarding prejudgment interest on a jury verdict in the amount of $4,494,665.83. After this court entered a final judgment in the amount of the jury's award, Plaintiff Robert A. Chiulli, Jr. filed a Motion to Amend Judgment and Add Prejudgment Interest [#237]. For the following reasons, the Motion is ALLOWED IN PART and DENIED IN PART.

II. Background

This action arises out of a physical altercation that occurred on June 20, 2008 outside of Sonsie, a restaurant located at 327 Newbury Street, Boston, Massachusetts. Plaintiff and his companions were patrons at Sonsie. Defendants Jeffery Reiman, Victor Torza, and Garrett Rease were also patrons at Sonsie that evening. Reiman purportedly was visibly intoxicated when he entered Sonsie but Sonsie staff nonetheless served him alcohol. Eventually a fight ensued and

Plaintiff suffered a traumatic brain injury.

Plaintiff was taken to the emergency room at Brigham and Women's Hospital ("the Brigham") in Boston, where he underwent decompressive craniectomy. He remained at the Brigham, and had cranioplasty three weeks later. After a month-long stay at the Brigham, Plaintiff was transferred to a rehabilitation hospital in Connecticut for inpatient rehabilitation. He remained at the rehabilitation hospital for the next four months, except for a two-day inpatient stay at another hospital for surgical placement of a ventriculoperitoneal shunt. In mid-November 2008, Plaintiff was transferred to a transitional living center, where he received inpatient speech, physical and occupational therapy. On December 1, 2008, he was discharged home.

Plaintiff initially filed this action in state court on February 3, 2010.[1] Defendant Newbury Fine Dining, Inc., d/b/a Sonsie's Restaurant ("Sonsie") removed the action to this court on the basis of diversity jurisdiction. The case proceeded to trial on various theories of negligence against Sonsie, the Lyons Group, Reiman, Torza, and Rease. The jury found liability against Sonsie, the Lyons Group, and Rease. In particular, the jury found Defendants Sonsie and the Lyons Group (collectively "Defendants") each 45% at fault and Rease and Plaintiff each 5% at fault.

At the time of trial, Plaintiff was forty-seven years old and remained unable to work in his previous job as a self-employed contractor in a construction company he operated. During trial, the jury heard testimony from William H. Burke, Ph.D., Plaintiff's rehabilitation expert, about Plaintiff's disabilities after the incident and his medical needs in the future. Dr. Burke testified about significant physical, cognitive, and emotional disabilities.

---

[1] The state court docket sheet reflects this filing date. See Case Summ. [#2]. Plaintiff uses February 5, 2010, the date of a tracking order issued in state court, as the date this action was filed.

Dana C. Hewins, Ph.D., Plaintiff's economic expert, testified at trial about Plaintiff's lost earning capacity and his future medical and personal care expenses. Hewins calculated a lost earning capacity in excess of $1,500,000 and future medical and personal care expenses in excess of $1,400,000.

In addition to future medical and personal care expenses, the jury was allowed to consider other components of a damages award. These components included past and future mental and physical pain and suffering, past and future medical expenses, and past and future loss of enjoyment of life. The Parties stipulated to the figure of $691,000 as the amount of Plaintiff's past medical expenses.

Prior to deliberations, Plaintiff and Defendants filed proposed verdict forms. Defendants' form combined past and future damages into a single damages question.[2] Plaintiff's form, filed on October 31, 2012, segmented past and future damages into separate categories and subcategories.[3] This court held a charging conference the day before closing arguments. The verdict form submitted to the jury on November 16, 2012 had a single damages question that was not subdivided into past and future damages.[4] On November 19, 2012, the jury awarded Plaintiff $4,494,665.83. On November 21, 2012, the final judgment entered in that amount.[5] Plaintiff filed the motion to amend the judgment the same day.[6]

III.  Discussion

---

[2] See Jury Verdict Special Interrogs. [#225].

[3] See Jury Verdict Slip [#194].

[4] See Jury Verdict Form [#235].

[5] See J. Civil Case [#236].

[6] See Pl.'s Mot. Amend J. & Add Prejudgment Interest [#237].

A.  Rule 59(e) Relief

Defendants maintain that Plaintiff fails to meet the standard for relief under Federal Rule of Civil Procedure 59(e). Plaintiff submits that a post-judgment motion under Rule 59(e) is the appropriate means to obtain relief. Plaintiff is correct.

If a post-judgment motion includes a request for prejudgment interest, Rule 59(e) provides the appropriate avenue for relief.[7] Furthermore, although "arguments presented for the first time in a Rule 59(e) motion ordinarily are deemed forfeited, the grant or denial of prejudgment interest is an exception to this general rule."[8] Without resort to Rule 59(e), "parties would be required to put the cart before the horse and argue about prejudgment interest before the underlying issues of liability and damages have been resolved."[9]

B.  Prejudgment Interest

The Parties dispute the application of prejudgment interest to the entire award. Defendants maintain that the prejudgment interest statute, Massachusetts General Laws c. 231, § 6B, gives a court discretion to deny prejudgment interest and does not apply to future losses. Further, Defendants argue, because the verdict form did not designate the amount of past and future damages, this court properly denied prejudgment interest on the entire award. According to Defendants, allowing prejudgment interest on the entire award would penalize them and would result in a windfall to Plaintiff that is contrary to the purpose of the statute.

Plaintiff contends that an award of prejudgment interest is required and that it was

---

[7] See, e.g., In re Redondo Const. Corp., 678 F.3d 115, 122 (1st Cir. 2012) ("[W]e regularly have recognized that Rule 59(e) is an appropriate vehicle for the resolution of disputes about prejudgment interest." (citations omitted)); Crowe v. Bolduc, 365 F.3d 86, 92–93 (1st Cir. 2004).

[8] Redondo, 678 F.3d at 122 (citations omitted).

[9] Id.

incumbent upon Defendants to request a breakdown of the damages on the verdict form. Plaintiff therefore seeks to amend the judgment to add prejudgment interest on the entire award from the time that Plaintiff filed suit to the date of the jury award.

The dispute centers on the application of section 6B. The statute applies to actions in tort for personal injuries and reads as follows:

> In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.[10]

When interpreting the language of a statute, a court should consider the statutory framework and the purpose of the statute as a whole.[11] Indeed, the First Circuit has explained that it is "'a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute.'"[12] The Massachusetts Supreme Judicial Court ("SJC") has even emphasized this point in the context of a prejudgment interest statute.[13]

With regard to the prejudgment interest statute at issue here, the "primary purpose" of

---

[10] M.G.L. c. 231, § 6B. The "date of commencement of the action" within the meaning of section 6B is "ordinarily the date on which the plaintiff first files suit." Smith v. Mass. Bay Transp. Auth., 462 Mass. 370, 375 n.3 (2012).

[11] See Dolan v. U.S. Postal Serv., 546 U.S. 481, 486 (2006) ("Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.").

[12] United States v. Dowdell, 595 F.3d 50, 71 (1st Cir. 2010) (quoting Bob Jones Univ. v. United States, 461 U.S. 574, 586 (1983)).

[13] See Sterilite Corp. v. Cont'l Casualty Co., 397 Mass. 837, 839 (1986) ("[W]e should not accept the literal meaning of the words of a statute without regard for that statute's purpose and history." (citing Oxford v. Oxford Water Co., 391 Mass. 581, 587–88 (1984))).

section 6B is "to compensate a damaged party for the loss of use or the unlawful detention of money."[14] Under common law, "an injured party accrues a right, albeit an inchoate one, 'to be made whole and compensated for' injuries wrongfully inflicted by a tortfeasor."[15] Because there is often a substantial delay between the time of the injury and the payment of compensation, an award of prejudgment "interest compensates the plaintiff for this additional injury."[16] The purpose of prejudgment interest is *not* to make the plaintiff "more than whole."[17] Likewise, the purpose of the section "is not to penalize the wrongdoer."[18] In addition to avoiding a windfall by not compensating an injured party prior to the loss, prejudgment interest does not apply to damages incurred in the future.[19]

In St. Paul Surplus Lines Insurance Co. v. Feingold & Feingold Insurance Agency, Inc.,[20] the SJC used these principles to deny prejudgment interest for the period of time after the plaintiff, an insurance company, filed the complaint until the time it incurred the loss by paying amounts in settlement of a third-party action.[21] The SJC reasoned that "in calculating prejudgment interest under . . . § 6B . . . , the fact that no loss was incurred until after an action

---

[14] Conway v. Electro Switch Corp., 402 Mass. 385, 390 (1988); see McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 717 (1990) (citing Conway, 402 Mass. at 390).

[15] Smith, 462 Mass. at 375 (citing G.E. Lothrop Theatres Co. v. Edison Elec. Illuminating Co., 290 Mass. 189, 194 (1935)) (discussing prejudgment interest under section 6B).

[16] Id. (citations omitted).

[17] McEvoy, 408 Mass. at 716.

[18] Id.

[19] See Conway, 402 Mass. at 390 (interpreting section 6B and seeing "no justification for adding interest to damages which, by definition, are for losses to be incurred in the future").

[20] 427 Mass. 372 (1998).

[21] Id. at 377–78.

was commenced should be recognized, as a matter of fairness, in order to avoid giving a party an undeserved windfall."[22]

Here, the jury heard testimony of significant, potentially lifelong injuries. Hewins calculated Plaintiff's future medical and personal care expenses as more than $1,400,000. Adding future physical and mental pain and suffering could easily encompass more than half of the damages awarded by the jury. An award of prejudgment interest on the entire award would inevitably result in a windfall to Plaintiff.[23] It would also penalize Defendants.[24]

Denying prejudgment interest for past medical expenses does not serve the statutory purpose of making Plaintiff whole.[25] These damages are also easily ascertained because the Parties stipulated to the amount of $691,000. Mindful of the purpose of the statute to compensate a plaintiff for the loss of "the money he would have had but for the other party's wrongdoing,"[26] an award of prejudgment interest on the past medical expenses incurred by Plaintiff is appropriate. In addition, Defendants do "not oppose such interest being awarded on those damages" in the event that this court "believes Plaintiff is entitled to pre-judgment interest."[27]

Twelve percent of $691,000 is $82,920. The total prejudgment interest for the two years from February 3, 2010 to February 3, 2012 is therefore $165,840. Interest accrued thereafter in a daily amount of $227.18. Multiplying the 290 days between February 3 to November 19, 2012

---

[22] Id. at 377 (citations omitted).

[23] Cf. Smith, 462 Mass. at 375.

[24] Cf. McEvoy, 408 Mass. at 716.

[25] Cf. Smith, 462 Mass. at 375.

[26] McEvoy, 408 Mass. at 717.

[27] Defs.' Partial Opp'n Pls.' Mot. Amend J. & Add Prejudgment Interest, 9 [#238].

by the daily amount ($227.18) yields $65,882.20. The total amount of prejudgment interest accrued between February 3, 2010 and November 19, 2012, therefore, is $231,722.20. Reducing the jury award in accordance with the 5% fault attributed to Plaintiff reduces the judgment to $4,269,932.54. Adding the foregoing prejudgment interest ($231,722.20) then produces an amended judgment in the amount of $4,501,654.74.

An award of prejudgment interest on past physical and mental pain and suffering, past lost wages, and the loss of earning capacity is more difficult to calculate. The verdict form was not segmented into past and future losses. Two reasons support denying prejudgment interest on these damages. First, Plaintiff did not object to the verdict form during the charging conference held shortly before closing arguments.[28] Second, allowing prejudgment interest on all or part of the jury award other than the $691,000 past medical expenses creates a risk that Plaintiff will receive a windfall and Defendants will be penalized. Such an award is therefore contrary to the purposes of the statute.

Finally, the decision in Brayman v. 99 West, Inc.,[29] upon which Plaintiff relies, is distinguishable from the present case. In Brayman, unlike the case at bar, the defendant did "not expressly object to the inclusion of prejudgment interest and to issuance of an amended final judgment to reflect such inclusion."[30]

IV. Conclusion

For the foregoing reasons, the Motion to Amend Judgment and Add Prejudgment Interest is ALLOWED IN PART and DENIED IN PART. It is ALLOWED to the extent that the

---

[28] See Fed. R. Civ. P. 51(c).

[29] 116 F. Supp. 2d 225 (D. Mass. 2000).

[30] Id. at 236.

judgment is amended to $4,501,654.74. The motion is otherwise DENIED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge